## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **CHARLEY W. MCGINNIS,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:06-0323** |
| | ) | |
| **MARK WILLIAMSON, Warden,[1]** | ) | |
| **Denmar Correctional Center,** | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On May 4, 2006, Petitioner, acting *pro se* and formerly incarcerated at Potomac Highlands Regional Jail,[2] Augusta, West Virginia, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.[3] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. Constitutionally flawed ineffective assistance of counsel;
2. Petitioner was misinformed by his attorney;
3. Violation of attorney/client fiduciary relationship;
4. Undue influence on behalf of Petitioner's attorney;
5. Inadvertence on behalf of the defendant;
6. Excusable neglect on behalf of the defendant;
7. Unfair persuasion on behalf of the defendant's attorney;
8. Defendant's decision to plead guilty was tainted;
9. Defendant maintains that he is innocent;
10. Defendant states as fact that there is evidence that strongly supports the defendant's innocence; and

---

[1] The State of West Virginia was originally named as the Respondent in the instant case. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the undersigned has substituted the warden of the facility where Petitioner is incarcerated, Mark Williamson, as the proper party respondent.

[2] The West Virginia Divisions of Corrections' Inmate Locator indicates that Petitioner is presently incarcerated at Denmar Correctional Center, located in Hillsboro, West Virginia.

[3] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

11.     Defendant is asking that he be allowed to plead to the lighter offense of first degree sexual abuse.

(Document No. 1, pp. 5 - 11, 23 - 24.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**PROCEDURAL HISTORY**

On January, 11, 2005, the Grand Jury of Fayette County, West Virginia, returned an Indictment against Petitioner, charging him with seven counts of sexual assault in the first degree (Counts 1, 4, 7, 10, 13, 16, and 19.), seven counts of incest (Counts 2, 5, 8, 11, 14, 17, and 20.), eight counts of sexual abuse by a parent, guardian or custodian (Counts 3, 6, 9, 12, 15, 18, 21, and 23.), and one count of sexual abuse in the first degree (Count 22.). State v.McGinnis, Criminal Action No. 05-F-45 (Cir. Ct. Fayette Co. May 16, 2005). (Document No. 7-2, Exhibit 2.) On April 13, 2005, Petitioner pled guilty to Count Two of the Indictment charging him with incest. (Id.) By Order entered May 13, 2005, Petitioner was sentenced to an indeterminate sentence of not less than five (5) years nor more than fifteen (15) years. (Id., Exhibit 3.) Petitioner did not appeal his conviction or sentence.[4] (Id., Exhibit 1.)

On March 21, 2006, Petitioner, proceeding *pro se*, filed his Petition for Writ of Habeas Corpus in the Circuit Court of Fayette County. McGinnis v. State, Civil Action No. 06-C-101 (Cir. Ct. Fayette Co. Mar. 31, 2006). (Id., Exhibit 4.) Petitioner raised the following grounds for *habeas*

_____

[4] On May 18, 2005, Petitioner, by counsel, filed a Motion for Reconsideration of Sentence. By Order entered on May 23, 2005, the Circuit Court denied Petitioner's Motion. (Document No. 7-2, Exhibit 1.) On February 22, 2006, Petitioner, acting *pro se*, filed a Motion for Reconsideration of Sentence. (Id.) By Order entered on March 6, 2006, the Circuit Court denied Petitioner's Motion. (Id.) On May 22 and 25, 2006, Petitioner, acting *pro se*, filed a Motion for Relief from Judgment and a Motion for Sentence Modification, which the Circuit Court denied on May 25, 2006. (Id.) On November 6, 2006, Petitioner, acting *pro se*, filed an additional Motion for Reconsideration of Sentence, which the Circuit Court denied on November 8, 2006. (Id.)

relief:[5]

    A.      Constitutionally flawed ineffective assistance of counsel;

    B.      Defendant's lawyer misinformed the defendant in that pleading to the charge of incest was his best option;

    C.      Defendant's lawyer violated their fiduciary relationship;

    D.      Undue influence on behalf of the defendant's attorney;

    E.      Inadvertence on behalf of the defendant;

    F.      Excusable neglect on behalf of the defendant;

    G.      Unfair persuasion on behalf of the defendant's attorney;

    H.      Defendant's decision to plead guilty was tainted;

    I.      Defendant maintains that he is innocent;

    J.      Defendant states as fact that there is evidence that strongly supports the defendant's innocence; and

    K.      Defendant is asking that he be allowed to plead to the lighter offense of first degree sexual abuse.

(Court's Exhibit, State Petition for Writ of Habeas Corpus.) In reviewing Petitioner's Petition, the Circuit Court "found it necessary to ask Anthony Ciliberti, Jr., Assistant Prosecuting Attorney, Fayette County, West Virginia, to prepare an Affidavit for the Court's consideration setting forth the chronology of events concerning the matter of plea negotiations in the Petitioner's underlying criminal case." (Id., Final Dismissal Order.) On March 31, 2006, the Circuit Court denied Petitioner's Petition for Writ of Habeas Corpus without appointing counsel or conducting an omnibus hearing. (Id.) Specifically, the Circuit Court stated as follows:

> In consideration of all of the aforementioned, the Court concludes that counsel for the Petitioner herein in the underlying criminal case did an outstanding job in negotiating a plea agreement for the Petitioner herein by striking an agreement which eliminated twenty-two (22) counts of an indictment alleging felony sex crimes, which, had the Petitioner herein been convicted of all of the said counts or a large number thereof, he would have received nearly a life sentence had any sentences been ordered served consecutively. Thus, the Court further concludes that the Petitioner herein received the full benefit of plea agreement negotiations, and no plea agreement offer made by the State to his defense counsel was kept secret from him.

---

[5] The office of the undersigned contacted the Clerk's Office of the Circuit Court of Fayette County and was provided a copy of Petitioner's "Petition for Habeas Corpus," Assistant Prosecutor Anthony Ciliberti's Affidavit, and the Final Dismissal Order. A copy of the above documents will be filed as an Exhibit.

Thus, the Court concludes that the Petitioner's defense counsel in the underlying criminal case was not, by the legal standards in the State of West Virginia, ineffective in any form or fashion in regard to his representation of the Petitioner herein.[6]

(Id.) Petitioner did not appeal the denial of his petition to the Supreme Court of Appeals of West Virginia.

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on May 4, 2006.[7] (Document No. 1.) By Order entered on March 25, 2009, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Document No. 4.) On April 27, 2009, in response to the Court's Order, Respondent filed his Answer, Motion to Dismiss and Memorandum in Support thereof with exhibits. (Document Nos. 7 - 8.) Specifically, Respondent contends that Petitioner's Petition must be dismissed based upon his failure to exhaust State remedies. (Document No. 8.) On April 28, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 9.) Petitioner did not file a response.

---

[6] According to Mr. Ciliberti's Affidavit, Petitioner was first offered a plea agreement "whereby the defendant would enter a guilty plea to one count of sexual abuse by a parent, guardian or custodian, whereby the defendant would be required to provide a factual basis for his guilty plea, and with the State further agreeing to move to dismiss the remaining twenty-two counts specified in the Indictment." (Court's Exhibit, Affidavit of Anthony Ciliberti, ¶ 4.) Based upon further negotiations with counsel, Mr. Ciliberti offered Petitioner a plea agreement "to one count of incest pursuant to the case of *Kennedy vs. Frazier*, and with the State further agreeing to move to dismiss the remaining twenty-two counts specified in the Indictment." (*Id.*, ¶ 5.) Mr. Ciliberti stated that "[t]he State never considered, nor would the State have entered into an agreement whereby the defendant would have pled guilty to the sole count of first degree sexual abuse as to penalty for such offense is one to five years and deemed insufficient punishment for the acts of the Defendant." (*Id.*, ¶ 6.)

[7] Based on the foregoing, the undersigned finds that Petitioner's Section 2254 Petition appears to be timely filed within the one-year period of limitations as set forth in 28 U.S.C. § 2244(d).

4

**DISCUSSION**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, State prisoners must exhaust available State remedies prior to filing a § 2254 petition in Federal Court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in State court, or (2) the Petitioner's claims will be deemed exhausted if no State remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate State courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate State Courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the State's highest Court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732.

Section 2254(b)(1)(B) provides, however, that a federal petition need not be dismissed for failure to exhaust if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §

5

2254(b)(1)(B)(I) and (ii). An "absence of available State corrective process" is created, in one instance, when the State Courts would refuse to review a petitioner's claims based on the petitioner's failure to comply with State procedural rules. See e.g., Mason v. Procunier, 748 F.2d 852 (4th Cir. 1984), cert. denied sub nom., Mason v. Sielaff, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Under such circumstances, the petitioner's claims will be considered exhausted if the State procedural rule is adequate and independent. A State procedural rule is adequate "only if it is a 'firmly established and regularly followed state practice.'" Keel v. French, 162 F.3d 263, 268 (4th Cir. 1998), cert. denied, 527 U.S. 1011, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999)(internal citations omitted). The Fourth Circuit has held that unambiguous State statutes and Court rules are always firmly established. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999), aff'd, 528 U.S. 225, 125 S.Ct. 727, 145 L.Ed.2d 727 (2000). A State procedural rule is independent if "it does not 'depend on a federal constitutional ruling.'" Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000), cert. denied, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2001)(quoting Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).

In his Motion, Respondent contends that Petitioner did not properly exhaust his available State Court remedies with respect to all of his claims. Specifically, Respondent alleges that "Petitioner has not raised any of the claims asserted in the present federal Petition before the West Virginia Supreme Court of Appeals in either a direct appeal of his conviction or an appeal from the denial of his state habeas petition." (Document No. 7.) In support of the Motion, Respondent attaches a "Clerk's Certificate of the West Virginia Supreme Court of Appeal" signed by Megan Berry, Assistant Clerk, stating as follows: "I am an official custodian of records and files maintained by this Court and it is the regular practice of this Court to make and keep official record of cases filed with the Court. There are no cases in which Charley W. McGinnis is listed as either the petitioner or

respondent." (Document No. 7-2, Exhibit 5.) Thus, Respondent states that "Petitioner has failed to fully exhaust his state court remedies with respect to his federal claims, requiring dismissal of the Petition." (Document No. 7.)

Construing Petitioner's Application liberally and in consideration of his State *habeas* proceedings filed in the Circuit Court of Fayette County, it is clear that Petitioner has not exhausted his available State remedies.[8] The Court first notes that Petitioner did not file a direct appeal with the West Virginia Supreme Court of Appeals. Next, the undersigned finds that even though Petitioner appropriately filed an Application for Writ of *Habeas Corpus* in the Circuit Court of Fayette County, Petitioner failed to appeal the Circuit Court's denial of his Application to the West Virginia Supreme Court of Appeals. In order for a claim to be fully exhausted, the State's highest Court must be given the opportunity to review the claim on the merits on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732. Based on the foregoing, the undersigned finds that Petitioner clearly failed to present any of his claims to the West Virginia Supreme Court of Appeals, and his Section 2254 Petition should be dismissed for his failure to exhaust available State remedies.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 7), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule

---

[8] The undersigned notes that there is no allegation or indication from the record that there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.

6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

ENTER: July 8, 2009.

R. Clarke VanDervort
United States Magistrate Judge

8