# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

CHARLEY W. MCGINNIS,

    Petitioner,

v.             CIVIL ACTION NO. 5:06-cv-00323

MARK WILLIAMSON, Warden,
Denmar Correctional Center,[*]

    Respondent.

### MEMORANDUM OPINION AND ORDER

   Pending before the Court is Respondent's Motion to Dismiss [Docket 7]. By standing order entered on July 21, 2004, and filed in this case on May 4, 2006, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R [Docket 10] on July 8, 2009, recommending that this Court **GRANT** the Motion to Dismiss [Docket 7] and remove the matter from the Court's docket.

   The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989);

---

[*] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mark Williamson, the warden of the facility where Petitioner is incarcerated, is substituted as the proper party respondent.

*United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in the instant case were due by July 24, 2009. To date, no objections have been filed.

Accordingly the Court **ADOPTS** the recommendation contained in the PF&R [Docket 10], **GRANTS** Respondent's Motion to Dismiss [Docket 7], **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus [Docket 1], and **DIRECTS** the Clerk to remove the matter from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 31, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

2